IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                    Plaintiff,            OPINION AND ORDER

    v.

                                     18-cr-80-1-wmc

JONATHAN THOMPSON,

                    Defendant.

─────────────────────────────────────────────────

Prior to trial, the government provided notice of its intent to admit a letter purportedly written by defendant Jonathan Thompson and received by Kiefah Marbra, Thompson's co-defendant and one of the government's cooperating witnesses following a proffer and plea agreement. (*See* dkt. #102.) The court directed the government to submit legal support for its ability to authenticate the letter under the low threshold of Federal Rule of Evidence 901. After receiving that submission (dkt. #110), the court excluded the letter from evidence. This brief order memorializes the court's reasoning.

As a starting point, Rule 901 provides that the proponent of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901(b) provides examples of evidence that would satisfy this requirement, including, as is relevant here, evidence that "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" supports a finding that the evidence is what the proponent claims it to be. Fed. R. Evid. 901(b)(4). For example, in *United States v. Smith*, 223 F.3d 554, 570 (7th Cir. 2000), the Court of Appeals for the Seventh Circuit affirmed admission

1

of a document called "The List," under Rule 901(b). *Id.* The court reasoned that admission was not an error since the government had submitted evidence that: (1) "The List" contained information that "could only have been written by a member of" the gang, of which defendants were a part; (2) "The List" had been found with one of defendant's female companions; and (3) the defendants were recorded actually discussing "The List" *Id.*

Here, in contrast, there is *no* corroborating evidence. The letter was volunteered by Marbra, who would be its only evidentiary proponent. It is neither signed nor dated, and includes statements: (1) congratulating Marbra on doing well in school; (2) telling him that he knew that Marbra lied to the police to get a plea; (3) promising to provide for Marbra during his imprisonment; and (4) asking Marbra not to testify against him, because if convicted, he (unlike Marbra) could go away for life. Although none of this is corroborating, the government proffers Marbra testimony that he received the letter from another inmate worker while both he and Thompson were being held at the Dane County Jail, although conceding that worker's whereabouts is unknown. The government also notes that the letter used Marbra's nickname "Baby Boy," included other information about Marbra's personal life and contained information about Marbra's plea deal and seeing Marbra in court. As the court pointed out when discussing this issue at trial, however, the problem with the government's proposed authentication evidence was that the letter contained *no* information unique to Thompson and, even more important, unknown to Marbra.

Moreover, the government had no expert or lay witness tying handprinted letter to Thompson in any way, including the inmate who allegedly passed the letter between Thompson and Marbra. Accordingly, the court could point to *nothing* about the circumstances or the content of the letter permitting a finding that Thompson, and not Marbra, actually wrote it.

While the court gave the government the opportunity to provide some additional proffer that Thompson wrote the letter (such as by a comparison with another letter written by Thompson that was in evidence and directed to another co-defendant), the government offered none. Instead, in its follow-up brief, the government offered *United States v. Harvey*, 117 F.3d 1044 (7th Cir. 1997), as support, but that decision actually cuts against it. In *Harvey*, the Seventh Circuit found that the government adequately authenticated the defendant's diary by showing that it was: (1) recovered next to defendant's bed at an isolated campsite where the defendant had been staying; and (2) the diary referenced the defendant's beloved dog. *Id.* at 1049. Here, in contrast, the government concedes that: (1) it has nothing physically tying the letter to Thompson; and (2) it cannot point to any information in the letter that Marbra would not have known. Ultimately, since the government could not tie the letter to the defendant in any way (whether by chain of custody-type evidence or otherwise) and could point to nothing to support a finding that Thompson wrote the letter (beyond Marbra's self-serving testimony),[1] the court excluded this letter from evidence.

_____

[1] Although the court's rejection of Marbra's testimony as the sole basis for admission of the letter

ORDER

IT IS ORDERED that the government's request to admit the letter purportedly from Thompson (dkt. ##102, 110) is DENIED.

Entered this 1st day of February, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

was based on case law requiring corroboration, not on whether Marbra was generally credible, the court's decision would seem further justified by the jury's obvious refusal to credit Marbra's testimony at trial regarding the presence of a gun.